UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

MARLAND MOORE,

    Plaintiff,

v.

MARY SABOL, et al.,

    Defendants.

Civil Action No. 3:12-CV-2352

(Judge Kosik)

## ORDER

AND NOW, this 27th day of February, 2013, IT APPEARING TO THE COURT THAT:

1. Plaintiff, Marland Moore, an immigration detainee previously held at the York County Prison, filed this current claim, *pro se*, against Defendants Mary Sabol, the Warden at York County Prison, Prime Care, Inc., the corporate prison health care provider, and Thomas Decker, District Director of ICE. (Doc. 1).

2. Plaintiff alleges that his constitutional rights were violated because he was not provided with basic medical care, including allegations of negligence and deliberate indifference on the part of the Defendants. (*Id.*).

3. This matter was assigned to Magistrate Judge Martin C. Carlson on January 22, 2013. (Docket Report).

4. On November 27, 2012, Plaintiff was sent a copy of this Court's Standing Practice Order, an order which informed the Plaintiff of his responsibility to reply to defense motions, and warned Plaintiff in clear and precise terms of the consequences of failing to comply with briefing schedules on motions. (Doc. 4).

5. The Standing Practice Order specifically states:

> If the party opposing the motion does not file his or her brief and any evidentiary material within the 14-day time frame, Local Rule 7.6 provides that he or she shall be deemed not to oppose the moving

party's motion. The motion may therefore be granted if: (1) the court finds it meritorious; or (2) the opposing party fails to comply with Local Rule 7.6 despite being ordered to do so by the court.

(*Id.* at p. 2).

6. Defendant Prime Care, Inc, filed a motion to dismiss, with a brief in support, on January 30, 2013. (Doc. 17, 18). Defendant Mary Sabol filed a motion to dismiss, with a brief in support on February 1, 2013. (Doc. 23, 24). Defendant Sabol additionally filed attachments to her brief on February 4, 2013. (Doc. 27). These motions have been pending since they were originally filed.

7. Plaintiff has failed to respond to these motions, and the time for a response has now passed. Moreover, mail from the court addressed to Plaintiff has been returned as undeliverable. (Doc. 28, 29, 31).

8. On February 20, 2013, Magistrate Judge Carlson issued a Report and Recommendation ("R&R") recommending that Defendants' Motions to Dismiss (Doc. 17, 23) be granted and that Plaintiff's Complaint be dismissed as to Defendants Mary Sabol and Prime Care, Inc. (Doc. 30).

9. As discussed above, Plaintiff was an immigration detainee at York County Prison and he failed to advise the Court of an address where he could be reached. Further, the Docket Sheet indicates that a search of State and Federal BOP returns no results. (Doc. 31).

AND, IT FURTHER APPEARING THAT:

10. The Local Rules for the Middle District of Pennsylvania provide:

> Whenever a party by whom or on whose behalf an initial paper is offered for filing is not represented in the action, such party shall maintain on file with the clerk a current address at which all notices and copies of pleadings, motions or papers in the action may be served upon the party.

Local Rule 83.18.

11. The Local Rules also provide:

> Any party opposing any motion, other than a motion for summary judgment, shall file a brief in opposition within fourteen (14) days after service of the movant's brief, or, if a brief in support of the motion is not required under these rules, within seven (7) days after service of the motion. Any party who fails to comply with this rule shall be deemed not to oppose such motion. Nothing in this rule should be construed to limit the authority of the court to grant any motion before expiration of the prescribed period for filing a brief in opposition. A brief in opposition to a motion for summary judgment and LR 56.1 responsive statement, together with any transcripts, affidavits or other relevant documentation, shall be filed within twenty-one (21) days after service of the movant's brief.

Local Rule. 7.6.

12. We have reviewed the Report of the Magistrate Judge, and we agree with the Recommendation.

13. Under Local Rule 83.18, in the absences of any timely response by the Plaintiff or any means by which we can communicate with Plaintiff, we will deem the motions ripe for resolution.

14. Under Local Rules 7.6, the motions to dismiss should be deemed unopposed and granted.

15. Further, Rule 41(b) of the Federal Rules of Civil Procedure states that if

> a plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

16. "[D]ismissal is a drastic sanction and should be reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff." *Poulis v. State Farm Fire and Casualty Company*, 747 F.2d 863, 866 (3d Cir. 1984) *quoting Donnelly v. Johns-Manville Sales Corp.*, 677 F.2d 339, 342 (3d Cir. 1982).

17. When deciding if dismissal for failure to prosecute is appropriate, the court

must balance the following *Poulis* factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling order and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or the defense. *Id.* at 868.

18. We agree with the Magistrate Judge's application of the *Poulis* factors to the case at bar and find that dismissal under Rule 41(b) of the Federal Rules of Civil Procedure is appropriate. The delays in this case are entirely attributable to the Plaintiff, who has refused to follow court orders and has otherwise neglected to litigate this case or respond to Defendants' motions. Plaintiff's failure to respond to Defendants' motions has prejudiced the Defendants considering that Plaintiff has failed to litigate this claim or comply with court orders, which frustrates and delays the resolution of this action. Plaintiff's history of dilatoriness is self-evident by Plaintiff's alleged failure to exhaust his administrative remedies before filing this suit, his failure to respond to Defendants' motions, and his noncompliance with orders of the Court. Plaintiff's actions are not viewed as non-accidental or inadvertent, but instead reflect an intentional disregard for this case and the Court's instructions. Plaintiff's status as a *pro se* litigant also severely limits the ability of the Court to utilize other less sanctions to ensure the litigation progress in an orderly fashion, and Plaintiff still declines to obey court orders and otherwise ignores his responsibilities as a litigant. Finally, Plaintiff's claim lacks merit.

19. Plaintiff's Complaint primarily concerns allegations that the Defendants violated Plaintiff's rights under the Eighth Amendment to the United States

Constitution by displaying deliberate indifference to his medical needs.

20. To sustain an Eighth Amendment claim for deliberate indifference to a medical need, the plaintiff must establish that (1) the deprivation alleged must be, objectively, sufficiently serious, and (2) the prison official must have a sufficiently culpable state of mind, i.e. a state of mind that is deliberately indifferent to inmate health or safety. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994); *see also Spruill v. Gillis,* 372 F.3d 218 237 (3d Cir. 2004).

21. Courts are reluctant to second-guess the propriety or adequacy of a particular course of medical treatment. "It is well settled that claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute 'deliberate indifference.'" *Rouse v. Plantier,* 182 F.3d 192, 197 (3d Cir. 1999).

22. Plaintiff's Complaint contains no factual allegations relating to Defendant Mary Sabol and rest solely upon her alleged vicarious or supervisory liability. As is well settled, liability cannot be predicated solely on the operation of *respondeat superior. Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir. 1988). Further, it is also well-established that non-medical correctional supervisors may not be "considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor." *Durmer v. O'Carroll,* 991 F.2d 64, 69 (3d Cir. 1993).

22. Furthermore, when a claim is brought against a corporate health provider, additional legal considerations come into play. It is well-settled that "[a corporate health care provider] is not liable for constitutional violations committed by its employees, unless [the company] had adopted a policy, practice or custom that caused the constitutional violations alleged. *Monell v.*

5

*Dep't of Soc. Servs.,* 436 U.S. 658, 690, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978); *see Woodward v. Corr. Med. Servs.,* 368 F.3d 917, 927 (7th Cir. 2004)." *Stankowski v. Farley,* 251 Fed. Appx. 743, 748 (3d Cir. 2007) (summary affirmance of dismissal).

23. Plaintiff has failed to identify or plead any corporate policy, practice or custom that caused the constitutional violations alleged.

24. As the Magistrate Judge points out, application of the above *Poulis* factors points to dismissal of the claims against the Defendants pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Even if Plaintiff's claim were to be found to have merit, the *Poulis* factors weigh heavily in favor of dismissal.

34. We will adopt the R&R and we will grant Defendants' motions to dismiss. (Doc. 17, 23).

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1. The Report and Recommendation (Doc. 30) of Magistrate Judge Carlson is **ADOPTED**;

2. Defendants' Motions to Dismiss, or in the Alternative, Motion for Summary Judgment (Doc. 17, 23) are **GRANTED**;

3. Plaintiff's claims (Doc. 1) with respect to Defendants Mary Sabol and Prime Care, Inc., are **DISMISSED**; and

4. The Clerk of Court is directed to **REMAND** this case to the Magistrate Judge for further proceedings consistent with this Order.

Edwin M. Kosik
United States District Judge