UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

MARLAND MOORE,

    Plaintiff,

v.

MARY SABOL, et al.,

    Defendants.

Civil Action No. 3:12-CV-2352

(Judge Kosik)

## ORDER

AND NOW, this 12th day of April, 2013, IT APPEARING TO THE COURT THAT:

1. Plaintiff, Marland Moore, an immigration detainee previously held at the York County Prison, filed this current claim, *pro se*, against Defendants Mary Sabol, the Warden at York County Prison, Prime Care, Inc., the corporate prison health care provider, and Thomas Decker, District Director of ICE. (Doc. 1).

2. Plaintiff alleges that his constitutional rights were violated because he was not provided with basic medical care, including allegations of negligence and deliberate indifference on the part of the Defendants. (*Id.*).

3. This matter was assigned to Magistrate Judge Martin C. Carlson on January 22, 2013. (Docket Report).

4. On February 27, 2013, we adopted a Report and Recommendation ("R&R") of the Magistrate Judge filed on February 20, 2013 and granted Defendants Mary Sabol and Prime Care, Inc.'s Motions to Dismiss (Doc. 17, 23) and dismissed as Defendants Mary Sabol and Prime Care, Inc from the case. (Doc. 32). The case was remanded back to the Magistrate Judge because Defendant Decker still remained in the case. (*Id.*).

5. In that Order, we explained pertinent local rules, Rule 41(b) of the Federal Rules of Civil Procedure, and *Poulis v. State Farm Fire and Casualty*

*Company*, 747 F.2d 863, 866 (3d Cir. 1984). For the sake of brevity, we will not re-explain those concepts of law for this order.

6. On March 1, 2013, Defendant Decker filed a motion to dismiss, along with a supporting brief. (Doc. 34, 35).

7. On March 15, 2013, the Magistrate Judge filed a R&R recommending that we grant Defendant Decker's motion to dismiss and that we dismiss Defendant Decker from the case. (Doc. 37).

8. On March 15, 2013, Defendant Decker filed an objection to the Magistrate Judge's R&R. (Doc. 38). The objection merely points to an apparent oversight in the R&R where the Magistrate Judge recommends dismissal, not for Defendant Decker, but for the Defendants previously dismissed from the case. (*Id.*).

9. Plaintiff failed to file objections. We note that the Court has not had any contact with Plaintiff since December of 2012. All documents sent to Plaintiff at York County Prison have been returned as undeliverable and Plaintiff has not provided the Court with a forwarding address.

AND IT FURTHER APPEARING THAT:

10. If no objections are filed to a magistrate judge's report and recommendation, the plaintiff is not statutorily entitled to a de novo review of his claim. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985). Nonetheless, the usual practice of the district court is to give "reasoned consideration" to a magistrate judge's report prior to adopting it. *See Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987).

11. We have reviewed the Report of the Magistrate Judge, and we agree with the Recommendation, noting that Defendants Mary Sabol and Prime Care, Inc. were inadvertently named, instead of Defendant Decker.

12. We will adopt the R&R, in part, and we will grant Defendant Decker's motion to dismiss and dismiss Defendant Decker from the case. As there are no remaining defendants and because of the continual absence of Plaintiff, we will close the case.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1. The March 15, 2013 Report and Recommendation (Doc. 37) of Magistrate Judge Carlson is **ADOPTED**, in part;

2. Defendant Decker's Motion to Dismiss (Doc. 34) is **GRANTED**;

3. Plaintiff's claims (Doc. 1) with respect to Defendant Decker are **DISMISSED**; and

4. The Clerk of Court is directed to **CLOSE** this case and to forward a copy of this Memorandum and Order to the Magistrate Judge.

_____
Edwin M. Kosik
United States District Judge